IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOHN R. WATTS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 5:08-CV-413 (CAR) |
| | : | |
| | : | |
| BIBB COUNTY, GEORGIA, and | : | |
| WILLIAM C. RANDALL, Chief | : | |
| Magistrate, Magistrate Court of Bibb | : | |
| County, in both his personal and official | : | |
| capacities, | : | |
| | : | |
| Defendants. | : | |
| | : | |

### *ORDER ON DEFENDANT'S MOTION TO CERTIFY THE COURT'S ORDER FOR INTERLOCUTORY APPEAL*

Currently before the Court is Defendant William C. Randall's Motion to Certify the Court's Order for Interlocutory Appeal [Doc. 43]. The Court issued its Order on Defendants' Motion for Summary Judgment on September 30, 2010, finding that Defendants' Motion for Summary Judgment should be granted in part and denied in part. The Court granted summary judgment in favor of Defendants on all claims except Plaintiff's First Amendment retaliation claim against Judge Randall in his individual capacity, which the Court found may proceed. See Sept. 30, 2010 Order, Doc. 42. Thereafter, Defendants filed a direct appeal from that Order with the Eleventh Circuit on the Court's finding that Judge Randall, in his individual capacity, is not entitled to judicial immunity from civil liability under 42 U.S.C. § 1983 because failure to reappoint a magistrate is not an act

1

performed in his judicial capacity.[1]  See Notice of Appeal, Doc. 45.  In addition, Judge Randall filed the current Motion seeking a certification for interlocutory appeal from this Court's finding that failure to reappoint Plaintiff as an associate magistrate constitutes an adverse employment action.

Because the judicial immunity issue is currently on appeal, and this issue involves a controlling question of law where an immediate appeal from the order may materially advance the ultimate termination of litigation, the Court will certify the Order to the Eleventh Circuit Court of Appeals for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  Thus, Defendant William C. Randall's Motion to Certify the Court's Order for Interlocutory Appeal [Doc. 43] is hereby **GRANTED**.  The Court finds that the following question of law is controlling and therefore appropriate for interlocutory appeal to the Eleventh Circuit Court of Appeals:

> Whether failure to reappoint Plaintiff as an associate magistrate constitutes an adverse employment action?

This Court's Order of September 30, 2010, is hereby amended to include this certification, and the case is hereby **STAYED** pending appeal.

---

[1] The Court's denial of judicial immunity is immediately appealable pursuant to 28 U.S.C. § 1291.  See Mitchell v. Forsyth, 472 U.S. 511, 525 (1985) (absolute immunity is an issue appealable before final judgment, for the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action); Winfrey v. Sch. Bd. of Dade County, 59 F.3d 155, 157 (11th Cir. 1995) (district court orders denying summary judgment based on absolute or qualified immunity are immediately appealable . . . even though other claims remain to be decided in the district court); Roland v. Phillips, 19 F.3d 552, 555 (11th Cir. 1994) ("The denial of a claim of absolute immunity, including quasi-judicial immunity, is immediately appealable under the collateral order doctrine.").

**SO ORDERED** this 3rd day of December, 2010.


							S/ C. Ashley Royal
							C. ASHLEY ROYAL, JUDGE
							UNITED STATES DISTRICT COURT


SSH